UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEDRO CLAUDIO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 13-13093-RGS |
| RAYMOND MARCHILLI, | ) ) | |
| Respondent. | ) ) ) | |

REPORT AND RECOMMENDATION ON MOTION TO DISMISS

March 25, 2014

SOROKIN, C.M.J.

Petitioner Pedro Claudio filed a petition for a writ of habeas corpus on November 15, 2013. Doc. No. 1. Simultaneously, he filed a "Motion to Take Judicial Notice or in the Alternative to Stay Proceedings," in which he refers, briefly, to ongoing litigation in the appellate courts of the Commonwealth of Massachusetts and requests that this Court take notice of those proceedings and stay the instant action. Doc. No. 2. Respondent has now appeared, opposed the motion to stay, and moved to dismiss the petition. Doc. No. 16. The Motion to Stay and the Motion to Dismiss were referred to the undersigned for a Report and Recommendation. Doc. Nos. 9, 20. I recommend that the Court DENY AS MOOT the Motion to Stay and ALLOW the Motion to Dismiss.

I.  FACTUAL BACKGROUND

On April 17, 1992, Petitioner was found guilty of first-degree murder and burglary with assault in connection with the killing of Samuel Abreu. Commonwealth v. Claudio, 634 N.E.2d 902, 904 (Mass. 1994); Doc. No. 17-3. On June 14, 1994, the Massachusetts Supreme Judicial Court (SJC) reversed the convictions and ordered a new trial due to omissions in the instructions given to the jury. Claudio, 634 N.E.2d at 912. On August 16, 1995, prior to his second trial, Petitioner pled guilty to second-degree murder and burglary with assault. Doc. Nos. 1 at 57, 17-1 at 3-4. Petitioner was sentenced to life imprisonment on the second-degree murder count and fifteen to twenty years on the burglary count. Doc. No. 17-2 at 21-22.

On August 23, 1996, Petitioner filed a motion for a new trial and, shortly thereafter, a motion to withdraw his guilty pleas. Doc. No. 1 at 57. He renewed both motions on February 21, 1997, and the trial court denied the motions on March 4. Id. at 58. Petitioner did not appeal this decision. See id. Seven years later, on July 19, 2004, Petitioner filed another motion to withdraw his guilty pleas and for a new trial. Doc. No. 17-4 at 4. That motion was denied on September 29, 2004. Id. at 5. Again, Petitioner did not appeal. See id.

On December 2, 2010, more than six years after the court denied his second motion to withdraw his pleas, Petitioner filed yet another motion to withdraw his guilty pleas, arguing that he was incompetent at the time of the pleas due to mental illness and that his counsel was ineffective and coerced him into pleading guilty. Id.; Doc. No. 1 at 2. The trial court denied the motion on January 12, 2011. Doc. No. 17-4 at 5. Petitioner appealed that decision, id., and on January 25, 2013, the Massachusetts Appeals Court affirmed the denial of the motion for a new trial, holding that "the plea proceedings are consistent with the conclusion that [Petitioner]

2

entered into the plea knowingly and willingly." Commonwealth v. Claudio, No. 11-P-909, 2013 WL 273218, at *1 (Mass. App. Ct. Jan. 25, 2013) (unpublished table decision).  The Court also stated that "[n]othing in the record would suggest that [Petitioner] was incompetent at the time he tendered his plea, or that the judge should have held a hearing to determine his competence." Id.  Finally, the Appeals Court held that Petitioner's counsel was not ineffective because he was "actively involved" and "attentive to [Petitioner's] questions and interests" and did not coerce Petitioner into pleading guilty.  Id.  After the Appeals Court issued its opinion, Petitioner sought review of that decision through both an application for further appellate review to the full SJC, Doc. No. 17-7 at 1, and through a petition to a single justice of the SJC pursuant to Mass. Gen. Laws ch. 211, § 3, Doc. No 17-6 at 1.  The single justice denied his petition on June 25, 2013, Doc. No 17-6 at 1-2, and the full SJC denied further appellate review on September 19, 2013, Doc. No. 17-7 at 1.  Petitioner appealed the denial of his petition by the single justice to the full SJC on July 23.  Doc. No. 17-5 at 1.  That appeal was still pending when he filed the instant petition in this Court, Doc. No. 17-5 at 1-2, and was the basis for Petitioner's Motion to Stay. The full SJC affirmed the single justice in the denial of his petition on February 5, 2014.  Doc. No. 19-1.  Thereafter, Petitioner filed a "Motion to Proceed with Petition" in this Court.  Doc. No. 19.

II. DISCUSSION

In his petition, Petitioner argues that, due to mental illness, he was not competent to plead guilty and that his plea counsel was ineffective because he knew of Petitioner's mental illness and nonetheless permitted him to plead guilty.

As a preliminary matter, Petitioner initially moved to stay the proceedings in this Court

3

pending resolution of an appeal before the SJC. Doc. No. 2. Petitioner, in his "Motion to Proceed with Petition" has submitted a copy of a decision denying that appeal. Doc. No. 19-1. In light of the apparent resolution of the state court proceedings and Petitioner's request that the Court address the merits of his claim, I recommend that the Motion to Stay, Doc. No. 2, be DENIED AS MOOT.

Moving on to the Motion to Dismiss, Respondent argues that the petition must be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Assuming, for the benefit of Petitioner, who did not appeal the denial of his initial motions for a new trial, that the limitations period began to run at the end of the period in which he could have sought appellate review, the petition is nonetheless untimely.

Petitioner pled guilty prior to AEDPA's effective date of April 24, 1996. See Gaskins v. Duval, 183 F.3d 8, 8 (1st Cir. 1999). Courts, however, have granted causes of action accruing prior to that effective date a one-year grace period in which to file a habeas petition without such a filing being considered untimely. See id. at 9. Petitioner's initial motion for new trial in state court, filed August 23, 1996, tolled the limitations period after the running of 121 days. See 28 U.S.C. § 2244(d)(2); Doc. No. 17-4 at 1. The Superior Court denied that motion on March 4, 1997. Doc. No. 17-4 at 2. Pursuant to the Massachusetts Rules of Appellate Procedure, the time to seek appellate review of that decision expired thirty days later on April 3, 1997, Mass. R. App. P. 4(b), with Petitioner failing to file an appeal, see Doc. No. 17-4 at 2. Thus, the limitations

4

period proceeded to run on that date and expired 244 days later on December 3, 1997. See Gaskins, 183 F.3d at 10-11. The next relevant event occurred in 2004, when Petitioner filed his second motion to withdraw his guilty pleas, Doc. No. 17-4 at 4, which, by any calculation, was well past the expiration of the one-year limitations period. Petitioner did not file his habeas petition in this Court until 2013, many years after the limitations period expired.

While equitable tolling can suspend the running of the limitations period, Petitioner bears the burden of establishing a "causal link between [his] mental illness and his ability seasonably to file for habeas relief." Riva v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010). This he has not done. The record demonstrates that Petitioner has a history of mental illness and suicide attempts resulting in his treatment at Bridgewater State Hospital preceding his plea hearing; that the judge taking his pleas knew of Petitioner's mental health problems; and that the opinion of trial counsel was that the medication Petitioner was taking at the time of the pleas was effective. Doc. No. 17-1 at 7.

The question presented by Respondent's motion, however, is whether Petitioner has established the required link between his mental illness and his ability to file for habeas relief. Petitioner has not satisfied this burden. Petitioner submits that he had "periods of clarity out of hallucination [when] he was filing forms without a susbtantial [sic] claim and he re-lapsed again and did not follow-up with the legal appeal process and he did in fact this process twice filing to withdraw his guilty plea." Doc. No. 18 at 1. Neither the fact that Petitioner suffers from mental illness, taken by itself, nor the conclusory description, in one sentence, of its effect on Petitioner suffices to warrant the equitable tolling of the statute of limitations for approximately thirteen years—from 1997–2004 and again from 2004–2010. See Riva, 615 F.3d at 42-44 (citing expert

5

testimony and an examination of the content and quality of court filings made during the relevant period as potential sources a petitioner can utilize to establish the nexus between mental illness and the inability to file for relief).  Because Petitioner has not established the nexus between his mental illness and his inability to file a timely habeas petition, Petitioner is unable to demonstrate that equitable tolling is appropriate in his case.  Without the limitations period being equitably tolled, the petition must be considered untimely.  Accordingly, I recommend that the Court ALLOW the Motion to Dismiss the petition as untimely.

III.    CONCLUSION

For the foregoing reasons, I recommend that the Court DENY AS MOOT Petitioner's Motion to Stay, Doc. No. 2, and ALLOW Respondent's Motion to Dismiss the Petition, Doc. No. 16.[1]

 /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).